UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HORACE G FRIEND,<br><br>               Plaintiff,<br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | CASE NO. 3:22-cv-05104-DGE<br><br>ORDER ON GRANTING DEFENDANT'S MOTION TO DISMISS |

**I      INTRODUCTION**

This matter comes before the Court on Defendant United States' Motion to Dismiss for Failure to State a Claim (Dkt. No. 8) and Motion to Stay Discovery (Dkt. No. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the record and hereby GRANTS the Motion to Dismiss. Defendant's Motion to Stay Discovery is DENIED as moot.

## II  BACKGROUND

On August 5, 2021, Plaintiff Horace G. Friend filed a civil rights complaint under 42 U.S.C. § 1983 in Pierce County Superior Court. (Dkt. No. 1-1 at 2.) Plaintiff named the Honorable Robert J. Bryan, United States District Judge, as the sole defendant. (*Id.*) Plaintiff appears to plead a singular claim, alleging Judge Bryan violated his constitutional right to a jury trial. Plaintiff states, "[t]his case has never been brought to jury trial as demanded by Plaintiff due to violations of Summary Judgment applied by the courts. It is a completely 'unconstitutional' matter for the court to decide for itself which side has presented the most plausible story when a jury trial is demanded." (*Id.* at 2-3.) Plaintiff does not identify a specific case, nor does he provide facts in support of his allegations. (*See generally id.* at 2-9.)

On February 18, 2022, Defendant United States replaced Judge Bryan as the sole defendant (Dkt. No. 3) and removed the case to federal court (Dkt. No. 1). Defendant also filed a Notice of Related Case, asking the Court to dismiss Plaintiff's case because "it is identical to one already filed and on appeal." (Dkt. No. 6 at 1.) Defendant referenced the matter *Friend v. Bryan*, No. 21-cv-5517-JCC, in which Mr. Friend applied to proceed *in forma pauperis* (IFP) on a proposed civil Complaint against Judge Bryan. (*Id.*) *See also Friend v. Bryan*, No. C21-5517-JCC, 2021 WL 4244203, at *1 (W.D. Wash. Sept. 17, 2021). The Court denied Mr. Friend's IFP application and dismissed the case with prejudice, finding absolute immunity attaches where a judge acts in the scope of their jurisdiction, and therefore, Mr. Friend failed to state a claim. *Friend*, 2021 WL 4244203, at *1-2. Plaintiff appealed and the matter is pending in the Ninth Circuit. *See Friend v. Bryan*, 21-cv-05517-JCC, Dkt. No. 10.

In this case, Defendant moved to dismiss on March 8, 2022. (Dkt. No. 8.) Defendant argues there are multiple bases on which the Court should dismiss Mr. Friend's Complaint. (*Id.*

at 1.)  Most important, Defendant argues Mr. Friend fails to state a claim upon which relief can be granted because absolute judicial immunity bars his suit from proceeding.  (*See id.* at 4-8.)  Because the Court finds dismissal appropriate under Federal Rule of Civil Procedure 12(b)(6), it does not consider Defendant's other arguments.[1]

### III   DISCUSSION

#### A.  Legal Standard for Motions to Dismiss

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 547.

---

[1] Defendant also argues for dismissal under Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction; 12(b)(2), lack of personal jurisdiction; 12(b)(3), improper venue; and 12(b)(5), insufficient service of process.

ORDER ON GRANTING DEFENDANT'S MOTION TO DISMISS - 3

**B. Defendant's Motion to Dismiss**

    1. <u>Immunity Bars Plaintiff's Claim</u>

Plaintiff relies on 42 U.S.C. § 1983 as the basis for his lawsuit. (Dkt. No. 1-1 at 2.) However, § 1983 provides a method for vindicating federal rights that have been violated by officials acting under the color of state law. Federal employees acting pursuant to federal law are not acting under the color of state law. *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995). In this case, Plaintiff's allegations are against a federal judge acting according to the Federal Rules of Civil Procedure—Plaintiff specifically references Federal Rule of Civil Procedure 56 governing summary judgment. (Dkt. No. 1-1 at 2.)

Because Plaintiff is proceeding *pro se*, the Court will liberally construe Plaintiff's claim as an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Even if Mr. Friend's claim is considered a *Bivens* action, it still fails because of immunity. *See F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1318 (9th Cir. 1989) (analogizing immunity under *Bivens* to immunity under § 1983).

"Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Clearly, in granting summary judgment, Judge

Bryan performed an act judicial in nature.  Mr. Friend provides neither facts nor arguments to suggest the action occurred without jurisdiction.  Thus, absolute immunity attaches to preclude suit.

Moreover, Mr. Friend fails to state a claim against Judge Bryan in his official capacity.  Defendant argues, "[b]y suing Judge Bryan in his official capacity, Friend is suing the sovereign—the United States. . . . And the United States may not be sued without its consent." (Dkt. No. 8 at 6.)  "The same holds true for federal employees acting within their official capacities, like Judge Bryan." (*Id.*)  Consequently, a *Bivens* action cannot be brought against United States, agencies of the United States, or federal agents in their official capacity.  *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994).  Thus, Mr. Friend's claim against Judge Bryan in his official capacity, fails for failure to state a claim.

2. <u>Mr. Friend's Case is Duplicative to His Previous Case Against Judge Bryan</u>

This case is largely identical to *Friend v. Bryan*, No. 21-cv-5517-JCC, in which Mr. Friend applied to proceed IFP on a proposed civil Complaint against Judge Bryan.  (*See* Dkt. Nos. 1-1 at 2-9; 6-1 at 2-11.)  The Complaint in this current action, initially filed in Washington Superior Court and removed to federal district court (Dkt. No. 1-1 at 2-9), is identical to the earlier filed proposed Complaint in *Friend v. Bryan*, No. 21-cv-5517-JCC.  The only difference is the procedural posture.  In the previous case, the Court dismissed with prejudice Mr. Friend's application to proceed IFP and proposed Complaint.  *See Friend*, 2021 WL 4244203, at *1-2.  Because the action is identical to the previously dismissed action, the Court does not find grounds to grant leave to amend.  For that reason, the case is dismissed with prejudice.

# IV  CONCLUSION

Accordingly, and having considered Defendant's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendant's Motion to Dismiss (Dkt. No. 8) is GRANTED.

(1) Defendants Motion to Stay Discovery (Dkt. No. 15) is DENIED as moot.

(2) This case is DISMISSED with prejudice.

(3) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of July 2022.

David G. Estudillo
United States District Judge